IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICHARD FLORES                                                                                           PLAINTIFF

vs.                                                     CIVIL ACTION NO.:  2:11CV123-MPM-JMV

CORRECTIONS CORPORATION OF AMERICA, et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the pro se complaint of Richard Flores, a California inmate previously confined at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi[1], and Defendants' motion to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). Upon review of the pleadings and relevant legal authority, the Court finds that the motion to dismiss should be granted and the complaint dismissed, for the reasons that follow.

## Background

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation ("CDCR") who was housed at the Tallahatchie County Correctional Facility ("TCCF") in Tutwiler, Mississippi, from February 8, 2008, through January 11, 2011.  TCCF is a private prison operated by defendant Corrections Corporation of America ("CCA").  Plaintiff maintains that he was wrongfully classified as a gang affiliate upon his arrival at TCCF, and that he received a rules violation report ("RVR") on July 1, 2010, when he refused to house with an alleged "Southsider" or "Sureno" gang member.[2]  He maintains that, as a result, he  was placed

---

[1] Plaintiff is currently incarcerated at the North Fork Correctional Facility in Sayre, Oklahoma.

[2] From the context of Plaintiff's complaint and associated documents, the Court assumes that "Southsider" is a term that refers to Hispanic gang members from southern California.  The Court assumes for purposes of this Opinion and Order that "Sureno" is an alternate name for

into administrative segregation until his transfer in January 2011.

Attached to Plaintiff's complaint is an April 15, 2010, TCCF memorandum on CCA letterhead, which states that Plaintiff was qualified as an affiliated Sureno gang member after a disruption at TCCF on March 7, 2008. (*See* ECF No. 1, Ex. to Compl. at 20-21). The memorandum notes that an investigator, after reviewing an incident report and watching the associated videotaped footage, concluded that Plaintiff assisted three known members/affiliates of the Sureno gang in an assault against rival Norento gang members. (*Id*. at 21). Based on Plaintiff's "observed and known contact" with the gang members and suspects during the incident, it was recommended that Plaintiff's "custody status remain as a Sureno suspect while housed at TCCF." (*Id*.).

Plaintiff contends that he entered TCCF with no known gang affiliation. (*See id.* at 11). Plaintiff maintains that he has been erroneously held in administrative segregation based on the March 7, 2008, disturbance, and he notes that the appeal of his gang classification was granted by the CDCR on December 1, 2008, when it found no indication that Plaintiff had any gang affiliation. (*See, e.g., id.* at 8-9). He notes that he has repeatedly filed grievances as to his classification based on the CDCR's determination that he has no known gang affiliation, but TCCF has denied him relief based on his known contact with members and suspects of the Sureno group. (*See, e.g., id.* at 16-17).

An RVR attached to the instant complaint reveals that on July 1, 2010, Plaintiff was informed that his housing would be moved as he was no longer participating in the Residential Drug Abuse Program ("RDAP"). (*See id.* at 27). He refused the housing assignment, alleging

---

Southsider gang members, and that "Norento" refers to a a rival Hispanic gang from northern California. *(See also* ECF No. 1 at 20-21).

that he could not be housed with a Sureno, and he received an RVR. Plaintiff also attaches an "Inmate Alert" created by an Officer Louis Valdez stating that as of February 17, 2011, there is no evidence that Plaintiff is gang affiliated, and that he will not be labeled as a Southsider. (*Id*. at 33).[3]

Plaintiff argues that all of the documents attached to his complaint demonstrate that he has no known gang affiliation, and that TCCF refused to remove the classification despite the CDCR's determination and other factors indicating that he is not a gang member. Named as defendants in Plaintiff's initial compliant are: the CCA, M. Martinez, the gang coordinator for TCCF, R. W. Cook, the facility captain at TCCF, and P. Smith, the grievance coordinator for TCCF. Later, Plaintiff amended his complaint to include the following defendants: C. Burns, the associate warden, Lieutenant G. Wong, Lieutenant Colvin, Sergeant J.A. Angulo, and T. Fifield, the associate warden. Plaintiff seeks as relief a removal of all RVRs issued against him, the return of all his good time losses, the gang classification removed from his file, and monetary compensation for the violations.

The original defendants in this action have moved to dismiss it under Federal Rule of Civil Procedure 12(b)(6), asserting that Plaintiff has failed to state a claim upon which relief can be granted. The Court agrees and dismisses this suit, for the reasons that follow.[4]

---

[3] The Court does not know with which correctional institution Officer Valdez is associated, but this alert was entered after Plaintiff's transfer from TCCF.

[4] Defendants, Wong, Colvin, Angulo, and Fifield have not been served process in this action. Ordinarily, the Court would dismiss the instant complaint without prejudice to these defendants. *See* Fed.R.Civ.P. 4(m); *Sanchez v. Perez*, 96 F.3d 1145 (5th Cir. 1996) (unpublished). Defendant Burns, while served, has not yet filed an answer to the complaint. Because the Court finds Plaintiff's complaint does not state a claim upon which relief can be granted, and that Plaintiff may not recover against any of the named defendants for the presented claims, there is no necessity for Defendant Burns to file a response and the instant suit will be dismissed with prejudice.

## Rule 12(b)(6) Standard

Generally, a court considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is limited to the matters contained in the pleadings. *Kane Enters v. MacGregor, Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). When considering a Rule 12(b)(6) motion, the court accepts the well-pleaded allegations in the complaint as true and views them in the light most favorable to the plaintiff. *Cramer v. Skinner*, 931 F.2d 1020, 1025 (5th Cir. 1991); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The court does not, in a Rule 12(b)(6) motion, resolve factual disputes, but rather, determines whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim meets the standard of "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court does not "evaluate the plaintiff's likelihood of success" when considering a Rule 12(b)(6) motion, the plaintiff's failure to state a "legally cognizable claim that is plausible," will not allow his complaint to survive a motion to dismiss. *Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citation omitted). Dismissal is, therefore, appropriate only "if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002).

## Discussion

To state a viable § 1983 claim, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *See, e.g., Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). The Court is unclear

whether Plaintiff brings the instant suit based on his mere classification as a gang affiliate, on his placement in administrative segregation, or both. The inquiry is not crucial to the Court's resolution of the claim before it, however, because a prisoner has no protected liberty interest in his custodial classification. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008) (holding that inmate may not sustain a due process challenge to his custodial classification absent "extraordinary circumstances"); *Farr v. Rodriguez*, 255 Fed. App'x 925 (5th Cir. 2007) (affirming frivolous dismissal of § 1983 suit arising out of classification as gang member). Therefore, a prisoner's placement in administrative segregation based on an allegedly erroneous status as a gang member does not present a claim for the deprivation of a cognizable constitutional liberty interest. *See Luken v. Scott*, 71 F.3d 192, 192-93 (5th Cir. 1995); *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights).

A plaintiff may sustain a due process challenge to his custodial classification only where "extraordinary circumstances" are shown. *Pichardo v. Kinker*, 73 F.3d 612, 612-13 (5th Cir. 1996). Such circumstances are demonstrated only when a plaintiff can show that his confinement "imposes ayptical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). While certain conditions, such as indefinite confinement where almost all human contact is prohibited and prisoners are kept in lighted, single cells for 23 hours a day, qualify as "extraordinary circumstances," the mere fact of being placed in administrative segregation is incident to ordinary prison life. *Wilkinson v. Austin,* 545 U.S. 209 (2005); *Hernandez v. Valesquez*, 522 F.3d 556, 562 (5th Cir. 2008).

In this case, Plaintiff has not demonstrated that any extraordinary circumstances exist that

5

would render his placement in administrative segregation or his classification an atypical or significant hardship in relation to ordinary incidents of prison life. *See, e.g., Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (affirming dismissal of claim challenging placement in administrative segregation because plaintiff did not show extraordinary circumstances). The exhibits filed with the complaint document TCCF's investigation into a disturbance involving Plaintiff and known gang members, which gave rise to Plaintiff's classification as a gang affiliate while he was housed at TCCF. Moreover, Plaintiff complains of being placed in administrative segregation from July 1, 2010, until his transfer on January 8, 2011. (*See* Compl. at 4-5). Documents attached to the complaint show that Plaintiff was placed in administrative segregation based on his failure to comply with a housing assignment and not merely his classification of gang affiliation.[5] *See Wilkerson v. Stalder*, 329 F.3d 431, 435 (5th Cir. 2003) (*citing Sandin v. Conner*, 515 U.S. 472 (1995) (finding no state created liberty interest implicated when inmate placed in administrative segregation for thirty days for disciplinary reasons)). Therefore, the Court finds Plaintiff's complaints without merit as he has failed to state a legally cognizable claim.[6]

Additionally, the instant suit is properly dismissed because Plaintiff has failed to demonstrate any physical harm, and because his requests for injunctive relief are unavailable.

---

[5] In addition to Plaintiff's refusal to move on July 1, 2010, he apparently received another RVR on October 14, 2010, or November 14, 2010, or both, and was assigned to administrative segregation for that infraction. (*See* Compl. Ex. at 28, 30).

[6] The Court also finds that, to the extent Plaintiff raises an Eighth Amendment violation based on his classification or placement in administrative segregation, such would not be sustainable. *See Hernandez*, 522 F.3d at 562 (finding that "administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be grounds for a constitutional claim").

Plaintiff's request that the Court issue an injunction requiring Defendants to remove all RVRs from his file and have disciplinary time returned to him is not actionable. Plaintiff is no longer housed at TCCF, and thus, his claim is moot. *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("[T]he transfer of a prisoner out of an institution often will render his claims for injunctive relief moot.").[7] Moreover, Plaintiff's clam for monetary damages as a result of his classification is barred by the Prison Litigation Reform Act, which does not allow a prisoner to sustain a claim for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

Because the instant suit lacks an arguable basis in the law, it will be dismissed as frivolous. *See* 28 U.S.C. § 1915(e); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (holding that "[a]n IFP complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact"). Consequently, the Court **ORDERS** that the motion to dismiss be **GRANTED**, the complaint be **DISMISSED WITH PREJUDICE** for failure to state a claim and/or as frivolous, that all pending motions are **DENIED**, and that a final judgment consistent with this opinion issue today.

**SO ORDERED** this the 14th day of February, 2013.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[7] The Court additionally notes that documents attached to Plaintiff's complaint show that he received an investigation into his RVRs, and that he received a decision on appeal as to his November 14, 2010, RVR. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that loss of good time credits under state statutory scheme giving mandatory sentence reductions for good behavior requires prisoner to receive due process protections).